Paul D. Murphy (State Bar No. 159556)
*pmurphy@murphyrosen.com*
Daniel N. Csillag (State Bar No. 266773)
*dcsillag@murphyrosen.com*
Anujan Jeevaprakash (State Bar No. 329397)
*ajeevaprakash@murphyrosen.com*
**MURPHY ROSEN LLP**
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone:  (310) 899-3300
Facsimile:   (310) 399-7201

Gavin J. Rooney (*Pro Hac Vice Pending*)
*grooney@lowenstein.com*
Reynold Lambert *(Pro Hac Vice Pending)*
*RLambert@lowenstein.com*
Naomi D. Barrowclough (*Pro Hac Vice Pending*)
*NBarrowclough@lowenstein.com*
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland New Jersey 07068
Telephone:  (973) 597-2500
Facsimile:   (973) 597-2400

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCPS LLC and SSPS LLC, | CASE NO. |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | |
| BEN TRAVIS LAW, KIND LAW, RAYMOND ABILA, PHILLIP ACHEE, IAN ADAMS, TINA AGUILAR. BRANDON ALEXANDER, ALI ALFARO, ADAM ALLEN, BRANDON ALLEN, CIERRA ALLMAN, SARA ALVARADO, SAMUEL DAVID ALVAREZ JR., JENNIFER ANDERSON, RYAN ANDERSON, MICHELLE ANDREWS, MARLA ANTHONY, ERIC ARBOGAST, HAYLEY ARBUCKLE, FRANK AYALA, ANTHONY AYON, | |

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

MERWIN BACHILLER, DAVID BAILEY, JENNIFER BAKER, KRISTY BAKER, NIKOLAI BALCERZAK, MICHAEL BALDONADO, ASHLEY BALDWIN, AMANDA BANKS, JOSHUA BARDWELL, KEITH BARTELL, HARRY BASS, AMANDA BASSHAM, NAHSIA BATTS, BRANDON BELLANI, JUAN BENAVENTE, MONICA BENDER, JEROMY BENZIE, BROOKE BERMUDEZ, VANESSA BERNAL, AMY BERRIGAN, JONATHAN BETANCOURT, WILLIAM BIANCO, GARY BINGHAM, WILLIAM BLAKE, MONICA BLANCO, DAVIESHA BOOTEN, LADDA BOUNLEUT, EVAN BOYCE, BAMBI BOYER, BRYAN BOYER, MELISSA BRAUCHLER, KEVIN BRAY, MELISSA BRICKER, WILLIAM BRINK, AMANDA BROWN, NICHOLAS BROWN, PAGE BROWN, SHANTEL BROWN, MELLANIE BRUNKHORST, CRYSTAL BUGARIN, KIM BUI, ROSEMARIE BURROUGHS, ANDREA BURTON, ALEXANDER BURWELL, JAMES BYNUM, JESSICA CADIGAN, ALBERT CALVILLO, TIMOTHY CANARIO, JOSEPH CANNON, RUNISHA CANSON, DENNIS CAPLENER, RONNIE CARLSON, MATTHEW CARPENTER, DANIEL CARREON, CHERIE CARROLL, TAYLOR CARTER, RAMONA CARVALHO, ESPERANZA CASILLAS, CARLA CASSARINO, DAMIAN CASTANON, CARLOS CASTILLO, CORY CASTILLO, SHAMGAR CASTRO, ALEX CHANDLER, KERN CHARLES, ROSALIE SAKKARA CHARLES, ALEXANDER CHARLTON, SELIN CHARMOHALI, THOMAS CHARTER, NICOLE CHAUDHARY, VIRGINIA CHAVEZ, JACOB CIRT, JASON CLARK, BRIAN CLARKE, JESSICA

-2-

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

CLEGG, CRYSTAL COBLE, JOEL COCHRAN, CORIE COGGINS, LATASHA COLE, DONALD COLLI, RENEA CONATSER, LAQUANNA COPES, KRISTIE SOUTHARD CORLEW, GLADYS CORNEJO, ANDREA CORONA, ADRIANNO CORSO, KAYCE COYLE, JUSTINE CRAWFORD, LINDSEY CREIMAN, NICHOLI CROGHAN, KRISTOPHER CROMWELL, JAMIE CROWE, AARON CRUZ, JOSEPH CUNNINGHAM, NICOLE CURL, SPENSER CURRAN, JESSE CUSTER, JASON D'AMATO, MARIO DANOVA, DANITZA JHASMIN DAVILA, TIFFANY DAVIS, TORIA DAVIS, SHERRIE DAWSON, DARLS DAY, RANDALL DAY, BREEZY DAYLEE, MICHAEL DEBINION, BRYCE DEBRUNNER, KEVIN DELANEY, TYLER DELUGACH, CHRIS DEVERSO, FRANCISCO DIAZ, CHRISTINE DIETZ, CLAYTON DOANE, AMBER DOMENECH, ANGELIQUE DONNAY, LUCUS DRISCOLL, JOSHUA SHAWN DUDLEY, JODY DUKE, NICOLE EDWARDS, AMANDA ELAM, HUDA ELHERTANI, DAVID ELKINS, HEIDI ELLIS, JAMES ELLIS, ALEXANDER ELY, VICTORIA ENGLISH, CARLOS ENRIQUEZ, ALFREDO ESPINOZA, JORGE ESTRELLA, COURTNEY EVANS, MARK EWER, CHEYENNE EZELL, RICHARD FAIRCLOUGH, NADINE FARKASH, SHEILAH CRISTINA FELICIANO RIVERA, ANNETTE FELIX, REBECCA FIGUEREDO, JAMES FILLMORE, FREDY FINO, CHERI FLORES, JOSE FLORES, KATHYRINA FOSTER, LORA FOURNIER, MINDY FRANCIS, RACHEL FRANCO, AZIZA FRANKLIN, TOM FROST, RACHEL GALARSA, JOSHUA GALLION, KAYSON GALLOWAY, CHRISTINA GARCIA, STACEY

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

GARCIA, YAIRA JUDITH NAVA GARCIA, HEATHER GARDNER, CRISSY GARRISON, KEVIN GENT, JUSTIN GERDING, TERRY GLODREY, JOEL GOLDEN, VINCENT GOLDEN, ADRIANNA GOMEZ, ADAM GONZALEZ, CHRISTOPHER GONZALEZ, LIZET GONZALEZ, MERCEDES GONZALEZ, SONDRA GOODSON, AMBER GOODWIN, JASON GOWDERDAY, LISA GRANBOIS, JEREMY GRANT, MICHAEL GRAVITT, AMBER GREEN, BRENDA GRIFFIN, ALEXANDER GRIFFITH, ROBERT GRIMES, SAMANTHA GUERY, ELEAKA GUTIERREZ, YOLANDA GUYTON, LUIS GUZMAN, ALEXANDRA HANNAH, JOLENE HANSON, LAKESHIA HARDY, ANDREW HARLESS, MARY HARRIS, RODNEY HARRIS, JOEVON HARRISON, IRA HATCHETT, JENNA HAYES, LATOYA HECKARD, ANDRE HEDGES, MAREEMA HEIN, BRIAN HENDERSON, GARRETT HENDERSON, ADAM HERNANDEZ, ALEJANDRO HERNANDEZ, MARIO HERNANDEZ, RUSSEL HERRERA, JACOB HETZLER, TAMIEKA HICKS, JANET HIRAGA, CHERISE HOPWOOD, SHARIMA HUDGINS, MAXWELL HUERTA, MAURICE HUFF, JOSEPH HUFFMAN, RYAN HUGHES, BRANDON HULL, JONATHAN ILLARE, ASHLEY IMMEL, ROBERT INFANTINO, HECTOR INGLES, RONALD IRWIN, CHRISTOPHER JAHNKE, LESLIE JAMES, DANIEL JAMISON, FRANKIE JENKINS, CASSANDRA JENSEN, EMILY JOHNSON, STEPHEN JOHNSTON, DONNIE JONES, MARK JORDAN, SERGIO JUAREZ-AGUILAR, MOANA KAHANA, KATRINA KALINICH, MICHAEL KARAPETIAN, TYLER KEEFER, APRIL KELLY, THOMAS KELLY,

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-4-

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

PREUCH KHOEUM, DAVID KIRKLAND, CASSANDRA KOEN, MARK KOS, YONG KUM, SHANNAN LAING, MICHAEL LARA, SAMUEL LEATHERS, BETTY LEE, MATTHEW LEE, RYAN LESLIE, OPAL LEVISMITH, JESSICA LEWIS, ARMONI LLOYD, JORDAN LOOMIS, ARTEMIO LOPEZ, JESSICA LOPEZ, JAMES LOSO, TAKIMA LUCKY, JOSHUA MADDOX, RAINA MADDOX, MANAL MADY, BRIAN MAGADAN, CODY MAGE, JOSEPH MAIN, JOLINDA MALLOREY, DEBRA MANGINO, DUSTIN MANNESS, NICOLAS MARQUEZ, JUAN MARTIN, AUSTIN MARTINEZ, NEIL MARTINEZ, BRADLEY MASON, THERESA MASTANDUNO, AMY MATA, KIMBERLY MATHIAS, SHARON MCAULIFFE, BRADLEY MCCLELLAN, CAMERON MCCLELLAND, MIRANDA MCCONKEY, RANDI MCCOWN, ROBERT MCCRICKARD, KELLY MCCULLAR, ROSE MCCULLY, CRAIG MCDANIEL, RICHARD MCDONALD, ALAN MCGUANE, EVERETT MCINTYRE, STEVEN MCINTYRE, BRANDY MCKINSEY, BRANDON MCWILLIAMS, DIANA MEDINA, ZACHARY MEDINA, ZACHARIE MENCARELLI, ALEXANDRA MERCADO, RASHCELL MERCER, SAMANTHA MEREDITH, MALIA MERIWEATHER, JOANNA MERRIFIELD, ROSEMARIE METZLER, KODY MIGLIORE, DEMAR MILLER, VICTORIA MILLER, JOSHUA MILLS, GARA MINER, ASHLEY MINUTOLI, CLARISSA MONTOYA, JACOB MORALES, SHAWN MORELAND, YOLANDA MORGA, JASON MORIMOTO, ADREIN MORIN, RANDAL MORROW, JUSTIN MULHOLLAND, DAVID MUSTOE. ARMANDO NELSON, KENNY NGUYEN. LAURA NICKS. ALLEN

PRINTED ON RECYCLED PAPER

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

NOCK, TANISHA NOLLEY, ANTHONY NUNES, CHRISTOPHER NUNEZ, CORI OCONNOR, ROBERT OH, DEVINA OLSEN, MICHAEL OLTZ, ALEXANDER OPDYKE, LEANDRA ORTEGA, JUAN CARLOS ORTIZ, YAIR PABLO, DANIEL PADILLA, EMARZON PADUA, CHELSEY PAPPAS, ALFONSO PASILLAS, NORA PATHEAL, JUSTIN PATTERSON, STEPHANIE PATTERSON, LYSSA PEACOCK, ANTHONY PEDROZA, JESSICA PENNINO, ANGELA PEREZ, ROMIE PEREZ, JOSEPH PERJANIK, STORMY PETTY, MOLLY PHAENGDY, SHANDRA PHIMVONGSA, NICOLE PICKERING, MARK PIERCE, LAKISHA PINKSTON, SHARON PIZARRO, TODD POTTER, ANGELA POTTS, MICHAEL PRECIADO, BRYNN PRICE, MALCOLM PRITCHARD, JEFFREY PURCELL, MICHELLE QUIJIJE, ALAN QUINTERO, ROSALINDA QUINTERO, DAVID RAMIREZ, JUAN RAMIREZ, TONYA RAMIREZ, ROBERT RANKIN, ANDREW REITZES, MORIAH RENO, LYDIA RESENDEZ, LISA REYES. RAYMOND REYES, ALEATHEA RICHARDSON, KEN RICKER, STEPHANIE RILEY, JARRED RISTAU, MARISOL RIVERA, TEAIRA ROBARTS, KIMBERLY ROBINSON, THOMAS ROBINSON, LYDIA ROBLES, MYIKO ROBLES, JENNIFER RODARTE, NICHOLAS RODRIGUEZ, MADONNA ROMAN, SALVADOR ROMAN, JOHN ROSAS, JESSE ROSS, KANDICE ROSS, JESSICA ROWLETT, FRED RUDOW, KATHLEEN RUSSELL, MARK RUTIAGA, KEVYN RUVALCABA, FRARM SAECHAO, KAO SAETEURN, CODY SALAZAR, JESUS SALDIVAR, BAILEY SANCHEZ. JESSE SANCHEZ.

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

LUZMARIA SANCHEZ, ROSE HAMM SANCHEZ, SUMMER SANDELL, ARMAND SANDERSON, KRISTINE SANDOVAL, ANTHONY SANTONASTASO, GERONIMO SAVEDRA, ERIC SAVOK, NATALIE SCARBROUGH, ELIZABETH SCHONFELD, ADAM SCHWICHTENBERG, JERAMIE SCOTT, JOSEPH SEABOURN, SEAN SEARS, NICOLE SHEPHERD, DINO SHERMAN, ANTIONETTE DELROSARIO SHIELDS, ASHLEY SHINALL, CLINTON SIMCOX, LEAH SIMIONE, SAM ANGELO SISON, SHAUNA SKILLINGS, BRENDAN SMITH, JAMES SMITH, MELINDA SMITH, STEVEN SMITH, SARAH SNYDER, ANTHONY SOLORZANO, JOSE ROBLEDO SOTO, HELEN SPARKS, KIMBERLY SPRAGUE, DAVID STANLEY, RODNEY STATON, CHRISTOPHER STEVENS, SHADRACH STEVENSON, JAMIE STOUT, TARA STROUD, DMITRIY SUHAREV, DIAMOND SULLIVAN, TERRY SUMPTER, RACHAEL SWANSON, RAMIRO TALAMANTEZ, ASHLEY TAYLOR, TYSHON TAYLOR, WENDI TELLEZ, LEE THOMASON, JAVON TILLARD, REGINA TILLMAN, ALEXIC TIPPENS, FELIX TIZOC, NICOLE TORRES, NAOMI TREVINO, ROSALVA TRUJILLO, JEANNA VALDEZ, TARA VALENTINE, ELIJAH VANECEK, PHENG VANG, MIGUEL VARGAS, LARISA LESLI VASQUEZ, AMY VIEYTES, ANTONIO VILLAFUERTE, BRITTANY VIOLETTE, ASHLEY VOLPE, CHRISTINA WALKER, PAUL WALLACE, DANA WALLS, CONOR WANGLER, ERIC WARREN, TYLER WATT, CHRISTOPHER WEATHERLY, JASON WEATHERS, JEFFREY WELCH, SHAUWANA WHALEY,

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

REBEKAH WHEELER, KRYSTAL WHITE, SHARNELL WHITE, TAYLOR WHITEHURST, ALEXIS WILKERSON, KRYSTAL WILLIAMS, JAMI WILLIAMSON, ADAM WILSON, PAMELA WILSON, JOSEPH WISSEL, BERT WOODS, BREANN WOODS, JENNIFER WRIGHT, SALLIE WRIGHT, ASHLEE WYERS, SANDRA SANCHEZ XIAP, KAZO YANG, NICHOLAS YELM, ANGEL ZAPATA, TIANA ZARESKI, and JOSE ZURITA.

Defendants.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-8-

PRINTED ON RECYCLED PAPER

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

Plaintiffs SCPS LLC ("Zula") and SSPS LLC ("Sportzino," and together with Zula, "Plaintiffs") by and through their undersigned counsel, as and for their Complaint against defendants hereby allege and aver as follows:

## INTRODUCTION

1.      Plaintiffs operate free-to-play social gaming websites provided and administered from Ontario, Canada that allow registered users to play several different online games.

2.      Defendant law firms Kind Law and Ben Travis Law (collectively, the "Law Firms") used a misleading social media advertising campaign to enroll thousands of purported "clients" to file meritless arbitration demands against Plaintiffs in hopes of coercing settlements due to the crushing administrative fees the AAA will charge (nearly $1.5 million for the 966 arbitration demands filed initially) for such a massive number of claims.  As Kind Law and Ben Travis Law purport to have over 2,000 supposed "clients," those potential administrative fees may double in size as the law firms pile on ever-more arbitration demands.

3.      As Plaintiffs' preliminary investigation has made clear, however, hundreds of these "clients" never used Zula or Sportzino's websites, never accepted any form of Terms and Conditions, and are therefore not party to any agreement to arbitrate with Plaintiffs.  Hundreds more accepted Plaintiffs' revised Terms and Conditions which call for arbitration before ADR Chambers in Ontario, Canada, not the AAA.  Finally, and importantly, many of the remaining "clients" who filed claims before the AAA disclaimed any representation by the Law Firms, raising serious questions about the legitimacy of those firms' purported retention by them and authorization to pursue arbitration claims on their behalf.  Plaintiffs name each and every one of these "clients" as additional defendants here ("Claimants," and with Kind Law and Ben Travis Law, "Defendants").

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-1-

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

4.     Plaintiffs seeks declaratory and temporary restraints, and preliminary and permanent injunctive relief, to: (1) enjoin the AAA proceedings because the Claimants identified on Attachment A are either (a) not a party to any agreement to arbitrate with either Plaintiff, (b) agreed to arbitrate before ADR Chambers in Ontario, Canada and thus have commenced arbitration in the wrong tribunal, and/or (c) have not authorized Kind Law and Ben Travis Law to file claims on their behalf; and (2) compel the Claimants who agreed to arbitrate their claims before ADR Chambers in Ontario, Canada to re-file their claims there.

## PARTIES

5.     Plaintiff SCPS LLC is a Delaware limited liability company that offers the Zula Casino social gaming website.  The sole member of Zula is Blazegames, Inc. ("Blazegames"), a Delaware corporation with its principal place of business in Ontario, Canada.

6.     Plaintiff SSPS LLC is a Delaware limited liability company that offers the Sportzino social gaming website.  The sole member of Sportzino is Blazegames, a Delaware corporation with its principal place of business in Ontario, Canada.

7.     The Zula and Sportzino websites are administered and provided from, and all customer interactions are handled exclusively from their affiliates' offices located in Ontario, Canada.

8.     Defendant Kind Law is, on information and belief, a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

9.     Defendant Ben Travis Law is, on information and belief, a California professional corporation with its principal place of business in San Diego, California.

10.     Upon information and belief, the Claimants are citizens of California, Oregon, Nevada, New York, and New Jersey.

*PRINTED ON RECYCLED PAPER*
*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

# JURISDICTION AND VENUE

11.    The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the individual Defendants' claims alleged in arbitration are predicated on alleged violations of various federal statutes, including the Video Privacy Protection Act, 18 U.S.C. § 2710, Electronic Communications Privacy Act, 18 U.S.C. § 2510, Federal Trade Commission Act, 15 U.S.C. § 45, and Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c).  *See Vaden v. Discovery Bank*, 556 U.S. 49, 62 (2009) (holding that "a federal court should determine its jurisdiction by "looking through" a § 4 petition to the parties' underlying substantive controversy").

12.    The Court has original subject matter jurisdiction over this action pursuant to 9 U.S.C § 203 because this is an action arising under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"), as codified in Chapter Two of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201, 203.

13.    The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the value of injunctive relief exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different States.  Specifically, Plaintiffs, as limited liability companies, have the citizenship of their sole member, Blazegames, which is a citizen of Delaware and of Canada, a foreign nation.  The Defendants are all citizens of states other than Delaware.  The amount in controversy is satisfied because, in the absence of injunctive relief, Plaintiffs face hundreds of thousands of dollars in AAA fees, attorneys' fees and costs, and other substantial costs defending an improper and futile arbitration proceeding.

14.    The Court has personal jurisdiction over Defendant Ben Travis Law because it is, on information and belief, a California professional corporation with its principal place of business located in San Diego, California.

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

15. The Court has personal jurisdiction over Defendant Kind Law because it selected (albeit improperly) San Diego, California as the arbitral locale for its alleged clients' claims before the AAA. In prior litigation, Kind Law has represented to the United States District Court for the District of Columbia that "California has jurisdiction over all of the parties involved." *SCPS LLC, et al. v. Kind Law*, Case No. 1:24-cv-02768-PLF (D.D.C.), Defs.' Br. in Support of Motion to Dismiss, ECF No. 11 at 24.

16. The Court has personal jurisdiction over the Claimants that reside in California because they are domiciled in California.[1]

17. The Court has personal jurisdiction over the Claimants who are domiciled in Oregon, Nevada, New York, and New Jersey, because those Claimants purported to initiate arbitration against Plaintiffs in San Diego, California.

18. By (improperly) selecting California as the locale of the arbitration, all Defendants subjected themselves to the jurisdiction of this Court for all matters related to those arbitrations. *See, e.g., HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 320 (W.D. Pa. 2020) (holding and observing that multiple circuit courts have agreed that "an agreement to arbitrate in a particular forum implies consent to the jurisdiction of the corresponding district court"); *Ford Dealer Computer Servs., Inc. v. Fullerton Motors, L.L.C.*, 42 F. App'x 770, 772 (6th Cir. 2002) (affirming district court's finding that defendant "consented to personal jurisdiction in Michigan courts when he signed the contract agreeing

---

[1] This dispute was the subject of a prior action filed in the United States District Court for the District of Columbia. However, the court there indicated that it lacked personal jurisdiction over all defendants and, accordingly, Plaintiffs have re-filed this action in this Court given the fact that many of the defendants reside in California and that Defendants represented to the Washington, DC court that "California has jurisdiction over all of the parties involved." *SCPS LLC, et al. v. Kind* Law, Case No. 1:24-cv-02768-PLF (D.D.C.), Defs.' Br. in Support of Motion to Dismiss, ECF No. 11 at 24.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-4-

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

to arbitrate disputes in Michigan"); *St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001) (affirming that parties impliedly consent to personal jurisdiction in location specified in arbitration agreement's forum selection clause); *Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes,* 336 F.2d 354, 363 (2d Cir. 1964) (when a party agrees "to arbitrate in [a state], where the [Federal Arbitration Act] makes such agreements specifically enforceable, [that party] must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in [that state].  To hold otherwise would be to render the arbitration clause a nullity").

19.    Venue is proper under 28 U.S.C. § 1391 because certain Defendants reside within this District.

## FACTS
### Plaintiffs' Business

20.    Zula and Sportzino operate free-to-play social gaming websites that are provided and administered from Ontario, Canada.  These sites allow registered users to play various online games without the use of real money.

21.    For playing purposes, users receive virtual "Gold" coins free of charge when they establish an account, login to their account, or through other promotions.  Users receive free Gold coins upon every login and also when their balance of Gold coins runs low.  Users may, but are not required to, purchase additional virtual Gold coins for use in the games.

22.    Users cannot exchange their Gold coins for cash.  There are no "real world" prizes awarded through Gold coin games.  Rather, users may only win additional Gold coins, which can be used for further entertainment play.  Gold coins have no other use.  They can never be redeemed or transferred.

23.    Only registered users may access and play the games on the Zula and Sportzino sites.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

*PRINTED ON RECYCLED PAPER*
*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

24. To become a registered user, an individual must create an account through an online enrollment process by providing certain information (name, address, telephone number, and email address), satisfying certain enrollment requirements, and choosing a unique username and password.

25. Registered users must also accept the Zula or Sportzino Terms & Conditions of Use Agreement ("Terms & Conditions") and Privacy Policy, through a traditional clickwrap agreement, which requires users to affirmatively acknowledge they reviewed and accepted the Terms and Conditions before they can begin using Plaintiffs' websites.

26. Zula's and Sportzino's customer databases track user registration and user website logins, among other information.

27. Zula and Sportzino revise their Terms & Conditions from time to time. The Terms & Conditions advise users of this fact:

> 18.1 We may amend, alter, delete or add to this Agreement at any time without notice to you.
>
> 18.2 Any changes made to this Agreement shall take effect immediately upon their publishing to the Website and your continued access or use of the Website. You can check the "Date Updated" date at the top of these Terms of Use to determine the date of the last revision.
>
> 18.3 You agree to review this Agreement regularly to stay current with changes that have been made.

28. When Zula and Sportzino implement a change to the Terms & Conditions, registered users are informed of the change during their next account login. During this process, users must acknowledge that they have reviewed and agree to the changes made in the Terms & Conditions. In this fashion, Zula and Sportzino assure that their users are aware of and consent to any such changes. If the users do not consent to the changes, they cannot access their accounts or use the websites.

*PRINTED ON RECYCLED PAPER*
*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

29. Section 12 of the Terms & Conditions contains a mandatory arbitration provision. In the revision dated May 7, 2024, the Terms & Conditions required arbitration before the American Arbitration Association in Washington, DC.

30. However, on June 28, 2024, Zula and Sportzino revised their Terms & Conditions to require arbitration before a different tribunal, ADR Chambers. The revision further required the arbitration to be held in Ontario, Canada, from which the gaming websites are provided and administered.

31. Every user who logged into an account on or after June 28, 2024, accepted the revised Terms & Conditions requiring arbitration before ADR Chambers in Ontario, Canada. By clicking a button labeled "Confirm," each such user affirmed "that I have read these documents and I accept all the updates within these documents."

### Kind Law and Ben Travis Law Conduct a Social Media Advertising Campaign and Then File Hundreds of AAA Arbitration Demands

32. In 2024, Kind Law and Ben Travis Law began an advertising campaign on social media platforms such as Facebook, seeking to recruit large numbers of individuals to file claims against companies that offer social gaming websites. The advertisements target virtually the entire social gaming industry with a one-size-fits-all advertisement.

33. The Law Firms invited anyone who had made purchases to sign up in order to receive potential compensation:

> **If you made in-app purchases to play in social casino applications from certain developers in the last two years, you may be entitled to seek compensation. Click to sign up to get more information and to have an attorney review your potential case.**

34. Individuals who clicked "to sign up" were then brought to an online questionnaire, which asked the individual to indicate whether they played any of

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-7-

*97* different online games offered by a wide variety of companies. Zula and Sportzino were only two of those 97 online games.

35. Individuals who completed the questionnaire supposedly "retained" Kind Law and Ben Travis Law as their counsel. The preeminent goal of this process was the recruitment of mass numbers of individuals to assert claims against Zula and Sportzino. Other considerations (such as disclosure of relevant information to would-be clients and appropriate diligence regarding individuals' standing to assert such claims) took a back seat to a desire to amass as many claimants as possible. This is evident for several reasons.

36. *First*, the advertisements failed to advise would-be clients of the goals that Kind Law and Ben Travis Law sought to achieve—that is, a declaration that the Zula and Sportzino websites conducted "unlawful" gambling and an injunction prohibiting the websites "from engaging in the unlawful actions complained of herein."

37. The Kind Law and Ben Travis Law advertisements failed to advise prospective clients that the claims, if successful, would terminate their ability to use the websites.

38. As quoted above, the advertisement simply asked whether individuals had "spent money to play," asserted that "[y]ou may be entitled to compensation," and urged individuals to "sign up." The ads disclosed nothing about terminating users' ability to play social games.

39. While other ads stated that "[d]evelopers of certain social casino mobile applications are suspected of having violated state gambling laws," they too failed to disclose that the claims, if successful, would terminate users' ability to continue using Zula and Sportzino websites.

40. This absence of disclosure placed the wishes of the prospective clients and the goals of Kind Law and Ben Travis Law in clear and direct conflict.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-8-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

41. The "client enrollment" process also failed to perform basic due diligence to determine whether a potential client even had a potential claim against Zula or Sportzino.

42. Most egregiously, Kind Law and Ben Travis Law had no evident process to diligence whether an individual who filled out a questionnaire regarding **_97_** different online games was, in fact, a registered Zula or Sportzino user.

43. The questionnaire asked about a broad series of nearly 100 different games on over 20 different social gaming platforms that have nothing to do with Zula or Sportzino (*e.g.*, Quick Hit Slots, Monopoly Slots, 88 Fortune Slots, Jackpot Party, Gold Fish Slots, MyVegas Slots, MyKonami Slots, Cash Franzy Casino Slots, or Jackpot World). (*See* **Exhibit A**.)

44. Kind Law and Ben Travis Law then used the responses to issue mass demands to all of these social gaming companies (and not just Zula and Sportzino).

45. Of course, asking individuals to check boxes for 97 different social games invites error, and Kind Law and Ben Travis Law plainly performed no further investigation or diligence to determine whether any individual was, in fact, an authorized Zula or Sportzino user.

46. Kind Law and Ben Travis Law also apparently performed no diligence to determine whether any individual who filled out an online questionnaire had, in fact, spent any money on the Zula or Sportzino sites—even though the ads themselves admitted that such purchases were a necessary predicate to a claim.

47. The advertising campaign succeeded in amassing thousands of claimants.

48. Kind Law and Ben Travis Law then began bombarding Zula and Sportzino with "notices of dispute" in purported compliance with the Terms &

PRINTED ON RECYCLED PAPER
*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

Conditions' informal-dispute resolution requirement.

49. Specifically, on June 19, 2024, Kind Law and Ben Travis served 595 such notices on Sportzino and 1,270 such notices on Zula. On August 27, 2024 and August 30, 2024, they served an additional 848 such notices on Zula and 456 such notices on Sportzino. In total, to date, the firms have delivered 3,169 such notices.

50. While each is supposedly submitted on behalf of a single individual claimant, the notices are otherwise identical in text.

51. However, the notices only disclosed the claimant's name, and a name alone was insufficient to allow Zula and Sportzino to determine whether these claimants were registered users of the websites. Kind Law and Ben Travis Law refused Zula's and Sportzino's request to provide further identifying information – notwithstanding the fact that they collected this very information through the questionnaires their "clients" completed. This refusal prevented Zula and Sportzino from verifying these individuals as actual users of Plaintiffs' websites.

52. On or about August 14, 2024, Kind Law and Ben Travis Law filed 667 individual demands for arbitration with the AAA against Zula, requesting that the arbitration hearing proceed in San Diego, California. But by this time, the Terms & Conditions had been revised to require arbitration before ADR Chambers in Ontario, Canada and did not permit arbitration before the AAA.

53. On or about August 16, 2024, Kind Law and Ben Travis Law filed 299 substantively identical individual demands for arbitration with the AAA against Sportzino (collectively, the "Demands").

54. [Intentionally omitted.]

55. The claimants named in these Demands originate from five states: California, Oregon, Nevada, New York, and New Jersey.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

*PRINTED ON RECYCLED PAPER*
*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

56. Each Demand is the same, except for the name of the claimant. The Demands assert that the Zula and Sportzino sites "operate illegal gambling games." They seek damages under several theories, including the federal Racketeer Influences and Corrupt Organizations ("RICO") Act and other federal statutes, as well as various state-law and common-law causes of action. The Demands also seek a declaration that Zula and Sportzino conduct illegal gambling on their websites and an injunction to prohibit them from continuing to do so in the future.

57. Plaintiffs deny that they have any liability relating to these claims.

58. The AAA has issued correspondence advising that it will apply its Mass Arbitration Rules to the Demands. Under the AAA Mass Arbitration Fee Schedule, Zula and Sportzino face potentially enormous administrative fees of up to $1,525 per Demand. In total, these 966 Demands face Plaintiffs with the prospect of paying $1,460,625 in administrative fees alone.

59. These Demands represent less than a quarter of the 3,169 notices of dispute that the firms have served to date. If Kind Law and Ben Travis Law file Demands on behalf of all of their purported clients, they will expose Zula and Sportzino to several million dollars in potential AAA administrative fees, before the claims are even adjudicated.

### Zula's and Sportzino's Investigation of the Demands

60. In their zeal to enroll as many claimants as possible through Facebook and other social media solicitations, Kind Law and Ben Travis Law performed little or no diligence on their purported clients. Indeed, the enrollment questionnaire used by their social media advertising campaign asked individuals to place a check mark next to any of **97** distinct online games. Zula and Sportzino are only **2** of those 97 games.

61. Unlike the notices of dispute, the Demands provided further information regarding the claimants beyond simply their names—including

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-11-

PRINTED ON RECYCLED PAPER

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

addresses, telephone numbers, and email addresses, all presumably based upon the information submitted by claimants when they completed their online questionnaires. Using this additional information, Zula and Sportzino investigated their customer databases for these individuals.

62. As discussed further below, Kind Law and Ben Travis Law subsequently dismissed 277 of the 966 arbitration Demands, reducing the total number of Demands to 689.

63. With respect to the remaining universe of 689 Demands, after a reasonable search of their records, Plaintiffs concluded that 87 of the Demands filed against Zula and 34 of the Demands filed against Sportzino were filed on behalf of claimants who are not, in fact, registered users of the Zula and Sportzino websites (hereinafter, the "Non-User Claimants"). The individuals asserting those 121 demands never entered into any agreement with Plaintiffs to arbitrate any claims, including the claims asserted in the Demands filed with the AAA. Therefore, Plaintiffs have no obligation to arbitrate any claims brought by those Non-User Claimants before the AAA.

64. With respect to the other remaining Demands, individuals asserting 401 Demands accepted revised terms and conditions that require arbitration before a different arbitral tribunal, ADR Chambers in Ontario, Canada (hereinafter, the "Wrong-Tribunal Claimants"). Each one of these individuals clicked a box to "Confirm" that they read those revised terms and conditions and "accept[ed] all the updates within these documents." These Wrong-Tribunal Claimants therefore have no basis to file Demands before the AAA or to force Plaintiffs to pay the AAA's burdensome administrative fees.

65. Plaintiffs also determined that substantial numbers of the AAA claimants who established accounts nevertheless made no purchases from Zula and Sportzino and played the games for free. These individuals have no conceivable damages.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-12-

PRINTED ON RECYCLED PAPER

66.     While even Kind Law's and Ben Travis Law's advertisements stated that a claimant needs to have made an "in-app purchase" to file a claim, those firms evidently performed no due diligence to determine whether, in fact, the claimants had spent any money on the Zula and Sportzino websites.  Their motive for ignoring such inconvenient facts is obvious—their leverage comes from the total number of claims in order to drive massive AAA fees, without regard to the claims' merit or whether the claimants even suffered a loss.

## Kind Law and Ben Travis Law's Purported Clients Disavow Their Representation by Those Law Firms

67.     The Demands assert that Zula's and Sportzino's social games are illegal.

68.     Zula and Sportzino are under no legal requirement to make their services available to any specific individual especially where, as here, that individual is purportedly alleging the illegality of the activity.  Accordingly, Zula and Sportzino began suspending the accounts of select AAA claimants whose Demands asserted the illegality of the social games.

69.     In response to Plaintiffs suspending the accounts of some individual Defendants, dozens of claimants reported that they were unaware that Kind Law and Ben Travis Law had filed arbitration demands on their behalf and/or denied that they had authorized Kind Law and Ben Travis Law to do so.

70.     When informed of their arbitration Demand filing, many claimants reported that they were unaware of it and denied that they had authorized Kind Law and Ben Travis Law to file arbitration demands on their behalf.

71.     As one such claimant stated to both Zula and Sportzino:

> I am writing this message to clarify that *I am NOT represented by any law firms such as Kind Law & Ben Travis*, nor am I affiliated with them in any way.  I have also contacted these law firms personally via email and informed them that if they use my information against

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-13-                    *PRINTED ON RECYCLED PAPER*

your site, I will be forced to seek legal representation, as I have not authorized any dispute or arbitration. Furthermore, I will seek legal representation against said law firms if necessary.

72. In the words of other supposed AAA claimants:

- "This is *false* and I have not done anything of the sort."

- "This information is *incorrect*. *I am not being represented by any legal entity*."

- "No. I have not done so *I have no lawyer or lawsuits against anyone if there is [it is] not with my consent*."

- "I've contacted the law firm that is stating they're representing me and I'm waiting for them to issue a letter to myself as well as Zula confirming *I'm not pursuing any claim against Zula*."

73. Other claimants denied that they had ever been in contact with Kind Law or Ben Travis Law at all, and had certainly not authorized them to file the arbitration Demand:

- "*[N]o one has contacted me about a law firm or anything like this* so I'm not understanding what is doing on. . . . [N]obody has ever contacted me about this so this does not make sense to me at all."

- "Hello what are y'all talking about? *I don't have any legal action against y'all that makes no sense.*"

- "I'm not [able] to access my account. But I believe it has something to do with a legal issue that I am not involved in. *I am not represented by any legal councel* [sic]."

74. One claimant bluntly accused Kind Law and Ben Travis Law of running a "scam," stating "is this scam or what I never said or did any of the things u saying."

75. These statements raise disturbing questions as to what Kind Law and Ben Travis Law disclosed to their supposed "clients," how they retained them, and how they purportedly secured authorization to file the Demands at all.

-14-

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

**MURPHY ROSEN LLP**
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

Case 2:25-cv-03255-MWF-SSC    Document 1    Filed 04/14/25    Page 23 of 28   Page ID #:23

**<u>The Law Firms Are Forced To Withdraw Hundreds Of Improperly Filed Arbitrations Because They Never Represented Those Claimants</u>**

76. On September 27, 2024, Plaintiffs filed a complaint against the Law Firms and Claimants and a motion for injunctive relief to enjoin the improper arbitration proceedings in the United States District Court for the District of Columbia captioned *SCPS LLC, et al. v. Kind Law, et al*, Civil Action No. 1:24-cv-02768-PLF (the "<u>D.C. Action</u>"),

77. The ink on Plaintiffs' pleadings was barely dry when additional Claimants began disavowing, in writing, ever having authorized the Defendant Law Firms to file any legal claim on their behalf. As individual Claimants advised Plaintiffs:

- "I did not agree to be represented in this matter nor was I involved in anything against sportzino or zula. I gave no permission nor consent to anything having to do with either company listed in this complaint. What should I do? I enjoy both sites and I want nothing to do with this."

- "I dont have any idea about this Lawsuit. I didnt file any lawsuit";

- "I have no idea what this is about";

- "I have no clue what this is";

- "What is this";

- "I miss sportzino and I am not suing anyone";

- "I have no clue what this is about. I signed up Kind law about something in regards to my myvegas and pop slots. I didn't submit anything in regards to zula and chumba";

- "I have never had any claims against Zula or Sportzino. Ever!"

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

*PRINTED ON RECYCLED PAPER*

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

78.     As the truth continued to unfold, the Law Firms started dismissing AAA arbitrations.  All told, they voluntarily dismissed 277 Demands (roughly 30%) from the AAA proceedings.  As the sequence of events makes clear, Defendants filed those arbitrations maliciously, in bad faith, and without any authorizations from users of Zulu and Sportzino.  It further bolsters the need to enjoin all of the arbitration proceedings unless and until a process is put in place to verify that the remaining Claimants have actually authorized the Defendant Law Firms to represent them and to file claims against Plaintiffs.

79.     On March 7, 2025, the Court in the D.C. Action granted the Law Firms' motion to dismiss, concluding it did not have personal jurisdiction over Defendants.  Accordingly, Plaintiffs are refiling their claims in this Court, which, as the Law Firms acknowledged, has personal jurisdiction over all the Defendants.  (*See*, *supra*, ¶ 15.)

## The Harm to Plaintiffs

80.     Plaintiffs will be irreparably harmed if they are compelled to arbitrate claims with hundreds of Non-User Claimants with whom they have no agreement to arbitrate.  This is because a party resisting arbitration suffers irreparable harm when it is forced to expend time and resources arbitrating a claim it never agreed to arbitrate (with a party with whom it has no agreement), and for which any award would not be enforceable.  Thus, declaratory and injunctive relief is necessary to prevent Plaintiffs from having to arbitrate claims they did not agree to arbitrate.

81.     Plaintiffs will be similarly harmed if they are compelled to arbitrate claims before the AAA with the Wrong-Tribunal Claimants who agreed to arbitrate their claims before ADR Chambers in Ontario, Canada.

82.     Moreover, under the Convention and the FAA, this Court is obliged to enforce the parties' agreement to arbitrate, as written, by compelling those Defendants to re-file their claims with ADR Chambers.

*PRINTED ON RECYCLED PAPER*
*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

83. In addition to compelling those Defendants who agreed to the revised Terms and Conditions to arbitrate their claims before ADR Chambers in Ontario, Canada, the Court should enjoin the AAA Proceedings they filed. Aside from being improper and violative of the arbitration agreements, those AAA Proceedings would serve no purpose if the Court compels the Wrong-Tribunal Claimants to arbitrate their claims in Canada. Moreover, Plaintiffs' Terms and Conditions expressly authorize this Court to enjoin the AAA Proceedings through the award of temporary injunctive relief.

84. Finally, to preserve the meaningfulness of the arbitration process, the Court should stay the remaining AAA arbitrations until and unless Kind Law and Ben Travis Law demonstrate they have the requisite authorization to proceed based on accurate disclosures.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment

85. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

86. No arbitration agreement exists between the Non-User Claimants and Plaintiffs to arbitrate any disputes, including the claims asserted by the Non-User Claimants in the AAA Proceedings.

87. The Non-User Claimants are not (and have never been) registered users of the Zula or Sportzino websites. Accordingly, they never accepted any form of the Terms of Conditions on those websites, including any agreement to arbitrate.[2]

88. The Wrong-Tribunal Claimants agreed to arbitrate their disputes with Plaintiffs before ADR Chambers in Ontario, Canada, not the AAA.

---

[2] Of the 121 Non-User Claimants, five individuals who filed Demands against Zula and four individuals who filed Demands against Sportzino *became* users sometime *after* filing Demands in August 2024.

PRINTED ON RECYCLED PAPER

-17-

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

89.     Pursuant to the Convention and FAA, the Court should therefore enforce the parties' arbitration agreement requiring arbitration before ADR Chambers in Ontario, Canada because the four jurisdictional elements under the Convention have been met:

   a. The Wrong-Tribunal Claimants and Plaintiffs are parties to a written agreement to arbitrate;

   b. Canada is a signatory to the Convention;

   c. The Wrong-Tribunal Claimants and Plaintiffs have a legal, commercial relationship with one another by virtue of their contractual arrangement; and

   d. The parties' relationship both "envisages performance or enforcement abroad" and has a "reasonable relation with one or more foreign states," 9 U.S.C. § 202, because Zula's and Sportzino's websites are operated out of Ontario, Canada.

90.     Due to the uncertainty surrounding the authorization provided by the remaining claimants to Kind Law and Ben Travis Law to file arbitrations on their behalf, the Court should enjoin the remaining AAA proceedings unless and until those claimants affirm that they have authorized Kind Law and Ben Travis Law to file claims on their behalf.

91.     Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy.

92.     Plaintiffs therefore, request a declaratory judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that:

   a. Plaintiffs have no obligation to arbitrate the Non-User Claimants' claims;

-18-
*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

b. The Wrong-Tribunal Claimants are required to arbitrate before ADR Chambers in Ontario, Canada; and

c. The AAA Proceedings are enjoined to preserve the meaningfulness of the arbitration process.

## SECOND CLAIM FOR RELIEF

### Injunctive Relief

93. Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

94. Plaintiffs will suffer immediate and irreparable harm if they are compelled to arbitrate claims they did not agree to arbitrate.

95. Plaintiffs will suffer immediate and irreparable harm if they are compelled to arbitrate claims with Defendants who agreed to arbitrate before ADR Chambers in Ontario, Canada.

96. Plaintiffs will suffer immediate and irreparable harm if they are compelled to arbitrate claims with Defendants who never authorized such claims to be filed.

97. Plaintiffs are likely to succeed on the merits because (1) Plaintiffs have no obligation to arbitrate claims with the Non-User Claimants with whom they have no agreement to arbitrate; (2) Plaintiffs have no obligation to arbitrate claims with the Wrong-Tribunal Claimants before the AAA when those individuals expressly agreed to arbitrate their claims before ADR Chambers in Ontario, Canada; and (3) Plaintiffs have raised sufficient questions about the meaningfulness of the arbitration process as to the remaining Claimants that the Court should enjoin those proceedings until such claimants have confirmed their desire and authorization for Kind Law and Ben Travis Law to proceed with their claims.

PRINTED ON RECYCLED PAPER
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

98.    Plaintiffs have no adequate remedy at law.

99.    Plaintiffs are entitled to a temporary restraining order, and to preliminary and permanent injunctive relief enjoining the AAA Proceedings.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court grant the following relief:

A.    Entry of a declaratory judgment that Plaintiffs have no obligation to arbitrate the Demands filed by Defendants;

B.    Entry of orders temporarily restraining and preliminarily and permanently enjoining Defendants from further proceedings against Plaintiffs before the AAA;

C.    Entry of orders compelling the Wrong-Tribunal Claimants to arbitrate their claims before ADR Chambers in Ontario, Canada; and

D.    Such other and further relief as to the Court is fair, just and proper.

Dated:  April 11, 2025                    MURPHY ROSEN LLP

By: /s/ Paul D. Murphy
_____
        Paul D. Murphy
        Daniel N. Csillag
        Anujan Jeevaprakash
        100 Wilshire Blvd Suite 1300
        Santa Monica, CA 90401
        (310) 899-3300
                - and -

        Gavin J. Rooney
        (*Pro Hac Vice Pending*)
        Reynold Lambert
        (*Pro Hac Vice Pending*)
        Naomi D. Barrowclough
        (*Pro Hac Vice Pending*)
        LOWENSTEIN SANDLER LLP
        1251 Avenue of the Americas
        New York, NY 10020
        (212) 262-6700

        *Attorneys for Plaintiffs*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-20-                    *PRINTED ON RECYCLED PAPER*